# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC., <br> 601 South Broad Street <br> Kalida, OH 45853 <br><br> Plaintiff, <br><br> v. <br><br> PAR-KAN CO., LLC <br> 2915 West 900 South <br> Silver Lake, IN 46982 <br><br> Defendant. | **COMPLAINT** <br><br><br> Civil Action No. 3:23-cv-00653 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Unverferth Manufacturing Company, Inc. ("Unverferth"), by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, Par-Kan Co., LLC ("Par-Kan"), and hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized and infringing manufacture, use, sale and/or offer for sale by Defendant of load-unload seed tender products including, for example, the EF275 SeedWeigh, EF375 SeedWeigh, 2 Pack SeedWeigh, and 4 Pack SeedWeigh products.

### THE PARTIES

2. Plaintiff Unverferth is a corporation organized and existing under the laws of the State of Ohio having a principal place of business at 601 South Broad Street, Kalida, Ohio 45853.

3. Upon information and belief, Defendant Par-Kan is a corporation organized and existing under the laws of the State of Indiana having a place of business at 2915 West 900 South, Silver Lake, Indiana 46982.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant has a regular and established place of business in Silver Lake, Indiana, in this judicial district, in which it manufactures, sells, and offers for sale, and has manufactured, sold, and offered for sale, load-unload SeedWeigh seed tender products.  These SeedWeigh seed tender products infringe Unverferth patents and are the subject of the patent infringement cause of action set forth herein.

6. This Court has personal jurisdiction over Defendant.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PATENTS-IN-SUIT

8. On March 3, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,967,940 ("the '940 patent"), which is attached as Exhibit 1.

9. Plaintiff Unverferth is the owner of all right, title and interest in and to the '940 patent, including the right to sue for and recover all past, present and future damages for infringement of the '940 patent.

10. On August 29, 2017, the USPTO duly and legally issued U.S. Patent No. 9,745,123 ("the '123 patent"), which is attached as Exhibit 2.

11. Plaintiff Unverferth is the owner of all right, title and interest in and to the '123 patent, including the right to sue for and recover all past, present and future damages for infringement of the '123 patent.

12. Plaintiff Unverferth manufactures, uses, sells, and/or offers for sale seed tender products that practice the '940 and '123 patents, including by way of example its Seed Runner 2755, Seed Runner 2755XL, Seed Runner 3755, Seed Runner 3755XL, Seed Runner 3955XL, Seed Runner 3966DXL, Seed Runner 4955DXL, Seed Runner 5000, Seed Pro 200, Seed Pro 210, Seed Pro 400, Seed Pro 410, and Seed Pro 410XL products.

13. Plaintiff Unverferth has complied with the statutory marking provision of 35 U.S.C. § 287(a) with respect to the '940 and '123 patents. Unverferth has affixed a serial number decal to its products that either identifies the '940 and '123 patents directly and/or directs customers to a publicly accessible website that identifies the '940 and '123 patents.

14. Defendant had knowledge of Unverferth's '940 and '123 patents. These patents are continuations of U.S. Patent No. 8,221,047, which was the subject of a previous lawsuit filed by Unverferth against Par-Kan in 2013. Upon information and belief, Par-Kan had knowledge that competitors in the load-unload seed tender market were being sued for infringement on the '940 and '123 patents because, *inter alia*, Par-Kan had received subpoenas in cases against competitors identifying the patents by number. Unverferth also sent Par-Kan a letter on April 28, 2023, alleging that Par-Kan's SeedWeigh seed tender products infringe Unverferth's '940 and '123 patents.

**DEFENDANT'S INFRINGING ACTS**

15. Upon information and belief, Defendant has manufactured, used, sold, and offered for sale in the United States load-unload seed tender products that infringe one or more claims of

3

Unverferth's '940 and '123 patents under United States law.  Non-limiting examples of Defendant's infringing products include the SeedWeigh products that have been manufactured, used, sold, and offered for sale since 2013, including the EF275 SeedWeigh, EF375 SeedWeigh, 2 Pack SeedWeigh, and 4 Pack SeedWeigh products (the "Accused Products").  Annotated photographs of the Accused Products are attached as Exhibits 3-6.

16. Defendant's Accused Products are a seed or grain tender including a frame, a main hopper mounted on the frame, and having a main hopper discharge.

17. Defendant's Accused Products include a support arm (having first and second ends), a first coupling connecting the first end of the support arm to the base, a conveyor having a conveyor hopper on one end and a conveyor discharge on the other end, and a second coupling connecting the second end of the support arm to the conveyor.  *See* Exhibits 3-6.

18. Defendant's Accused Products include a base that is located below the main hopper, and the first coupling is rotatable about a vertical axis of rotation.  *See* Exhibits 4-5.

19. The first end of the support arm in Defendant's Accused Products is rotatable about a horizontal axis of rotation, and the second coupling makes it such that the conveyor's axis of rotation is not parallel to its longitudinal axis and is rotatable between an unloading and loading position.  *See* Exhibits 4-6.

## COUNT 1
### (INFRINGEMENT OF THE '940 PATENT)

20. Plaintiff repeats and realleges the allegations of Paragraphs 1 to 19 above, as if set forth herein.

21. Upon information and belief, Defendant has directly infringed and is directly infringing at least claim 16 of the '940 patent by making, using, offering for sale and/or selling the infringing products, and will continue to do so unless enjoined by this Court.

22. Upon information and belief, Defendant has indirectly infringed and is indirectly infringing at least claim 16 of the '940 patent by inducing others – including Defendant's distributors, resellers, dealers and customers – to directly infringe at least claim 16 of the '940 patent by using, offering for sale and/or selling the infringing products, and will continue to do so unless enjoined by this Court.

23. On information and belief, Par-Kan has known about the '940 patent since it issued in 2015, or shortly thereafter. Additionally, Plaintiff gave actual notice to Par-Kan that it is infringing the '940 patent on April 28, 2023. On information and belief, Par-Kan has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and it knew or should have known that its actions demonstrated infringement of a valid patent. Par-Kan knew or should have known that its actions constituted infringement of the Asserted Patents in view of the litigation history between Unverferth and Par-Kan regarding the '047 patent (and the fact that the Asserted Patents are continuations of the '047 patent), and in view of the fact that Par-Kan knew Unverferth was asserting these patents against competitors in the load-unload seed tender market. Unverferth subpoenaed Par-Kan's records regarding the Accused Products in connection with those competitor suits. Accordingly, Par-Kan's acts of infringement from when it first learned of the '940 patent, and at least since April 28, 2023, constitute willful infringement of the '940 patent.

24. Defendant's infringement of the '940 patent has damaged Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**COUNT 2**
**(INFRINGEMENT OF THE '123 PATENT)**

25. Plaintiff repeats and realleges the allegations of Paragraphs 1 to 24 above, as if set forth herein.

5

26. Upon information and belief, Defendant has directly infringed and is directly infringing at least claim 10 of the '123 patent by making, using, offering for sale and/or selling the infringing products, and will continue to do so unless enjoined by this Court.

27. Upon information and belief, Defendant has indirectly infringed and is indirectly infringing at least claim 10 of the '123 patent by inducing others – including Defendant's distributors, resellers, dealers and customers – to directly infringe at least claim 10 of the '123 patent by using, offering for sale and/or selling the infringing products, and will continue to do so unless enjoined by this Court.

28. On information and belief, Par-Kan has known about the '123 patent since it issued in 2017, or shortly thereafter.  Additionally, Plaintiff gave actual notice to Par-Kan that it is infringing the '123 patent on April 28, 2023.  On information and belief, Par-Kan has acted despite an objectively high likelihood that its actions constituted infringement of the '123 patent, and Par-Kan knew or should have known that its actions constituted infringement of the '123 patent.  Par-Kan knew or should have known that its actions constituted infringement of the Asserted Patents in view of the litigation history between Unverferth and Par-Kan regarding the '047 patent (and the fact that the Asserted Patents are continuations of the '047 patent), and in view of the fact that Par-Kan knew Unverferth was asserting these patents against competitors in the load-unload seed tender market.  Unverferth subpoenaed Par-Kan's records regarding the Accused Products in connection with those competitor suits.  Accordingly, Par-Kan's acts of infringement from when they first learned of the '123 patent, and at least since April 28, 2023, constitute willful infringement of the '123 patent.

29. Defendant's infringement of the '123 patent has damaged Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

6

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment that:

A. the '940 patent is directly infringed by Defendant;

B. the '940 patent is indirectly infringed by Defendant;

C. Defendant's infringement of the '940 patent has been willful;

D. Defendant be preliminarily and permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '940 patent;

E. Plaintiff be awarded damages adequate to compensate it for Defendant's infringement of the '940 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

F. the '123 patent is directly infringed by Defendant;

G. the '123 patent is indirectly infringed by Defendant;

H. Defendant's infringement of the '123 patent has been willful;

I. Defendant be preliminarily and permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '123 patent;

J. Plaintiff be awarded damages adequate to compensate it for Defendant's infringement of the '123 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

K. this case is exceptional within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Plaintiff; and

L.  Plaintiff be awarded such further relief as the Court may deem just, necessary, and/or proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 11, 2023                              Respectfully submitted,

/s/ Robert J. Palmer

Robert J. Palmer (6316-71)
May Oberfell Lorber
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Phone: (574) 243-4100
Facsimile: (574) 232-9789
rpalmer@maylorber.com

*Attorneys for Plaintiff Unverferth Mfg. Co., Inc.*

OF COUNSEL:

Joseph A. Hynds
Jenny L. Colgate
Brett A. Postal
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Ave., Suite 900
Washington, DC 20001
Phone: (202) 783-6040
Facsimile: (202) 783-6031
jhynds@rothwellfigg.com
jcolgate@rothwellfigg.com
bpostal@rothwellfigg.com

*Attorneys for Plaintiff Unverferth Mfg. Co., Inc.*

8