## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

UNVERFERTH MFG CO INC,

    Plaintiff,

        v.

PAR-KAN CO., LLC,

    Defendant.

CASE NO. 3:23-CV-653-GSL-MGG

## OPINION and ORDER

Plaintiff/Counter-Defendant Unverferth Manufacturing Co., Inc. ("Unverferth") filed this case on July 11, 2023, alleging that Defendant/Counter-Claimant Par-Kan Co., LLC, ("Par-Kan") infringed on Unverferth's patents for various load-unload seed tender products. In response to Unverferth's infringement claims, Par-Kan references the parties' prior litigation involving the accused products: *Unverferth Mfg. Co. v. Par-Kan Co.*, No. 3:13-cv-00097-TLS-CAN (N.D. Ind. Feb. 12, 2013), which the parties resolved through a settlement agreement. Par-Kan maintains that, as part of the settlement agreement entered in the prior case, Unverferth granted Par-Kan a license for the accused products and covenanted not to sue Par-Kan for its use of the products. [DE 22 at 13, ¶9]. Thus, Par-Kan raises the settlement agreement both as an affirmative defense to Unverferth's claims of infringement [*see* DE 22 at 11] and as the basis of Par-Kan's counterclaims alleging breach of contract, bad-faith patent assertion, and breach of the implied duty of good faith and fair dealing by Unverferth.

Both parties have filed dispositive motions regarding the impact of this settlement agreement on the parties' claims in this case. Accompanying these motions are numerous motions seeking to maintain under seal the parties' filings that include or discuss the settlement agreement and any related settlement negotiations. [DEs 31, 34, 37, 40, 44, 46, 48, 50, 53, 56, 58]. But as discussed below, given the centrality of the settlement agreement to the disposition of the parties' pending motions, the instant motions to seal must be denied.

## I.    Standard

 "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). Here, the parties present no statute or court rule that authorizes sealing the documents at issue. Thus, the clerk may only keep the parties' filings under seal if the Court so orders. To maintain a filing under seal, the Court must find that good cause exists to maintain them under seal as requested. *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). But judicial records are presumed public unless "the property and privacy interests of the litigants . . . predominate in the particular case." *Id.* Establishing such predominance is difficult as "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Accordingly, "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v.*

*Foster*, 564 F.3d 852, 853 (7th Cir. 2009). The decision of whether good cause exists to maintain a document under seal rests solely with the Court. *Id.*

## II.    Discussion

The role a settlement agreement plays in litigation determines the propriety of maintaining such an agreement under seal. If a "settlement agreement is made without court action . . . then 'there will rarely be a good reason to require that its terms be made public,' as nothing would be revealed about judicial activity." *Junker v. Mascoutah Cmty. Sch. Dist. 19 Bd. of Educ.*, No. 3:22-cv-1962-DWD, 2023 WL 6444027, at *2 (S.D. Ill. Oct. 3, 2023) (quoting *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 834 (7th Cir. 2013)). But "'when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, *or the settlement is sought to be enforced*,' the settlement terms are of potential public interest." *Id.* (quoting same). "In all such cases," there is a "presumption of a right of public access to court documents." *See Goesel*, 738 F.3d at 834.

In support of the instant motions to seal, the parties maintain that they have shown the requisite good cause to keep the requested filings under seal by generally referencing the settlement agreement's confidentiality clause and the confidential nature of the agreement. [*See, e.g.*, DE 58.  The Court previously found this rationale sufficient in its order granting Par-Kan's first motion to seal on November 20, 2023. [*See* DE 27 granting DE 24]. But in doing so, the Court acknowledged that the effect of the parties' prior settlement agreement on this case was unclear, and as such, the Court also advised that it "reserves the right to review the propriety of maintaining the agreement under seal once its role in the litigation becomes more evident." [DE 27 at 2].

The parties' filings in response to Par-Kan's Answer and Counterclaims demonstrate the centrality of the settlement agreement to the disposition of the parties' claims. As stated, Par-Kan points to the settlement agreement as part of its affirmative defenses and alleges that Unverferth violated the license it granted to Par-Kan as part of the parties' settlement agreement in its counterclaims. In response, Unverferth has moved both to dismiss Count III of Par-Kan's counterclaims and for judgment on the pleadings as to Counts I and II. [*See* DEs 32, 35]. Par-Kan has also moved for judgment on the pleadings on Unverferth's infringement claims based upon the parties' covenant not to sue in the prior settlement agreement. [DE 38].

In their respective motions, the parties do not dispute the centrality of the agreement to the disposition of their claims. For instance, in its motion for judgment on the pleadings, Unverferth states "[t]he Settlement Agreement serves as the basis for Par-Kan's counterclaims in this lawsuit, which are the subject [of] this motion." [DE 36 at 9]. Despite this, Unverferth continues to broadly cite the settlement agreement's confidentiality clause and "highly confidential [] nature" as good cause to maintain the agreement under seal.[1] [*See, e.g.* DE 58]. But in doing so, Unverferth never explains why the agreement is so confidential that must remain under seal, and the mere presence of a confidentiality agreement, without more, is an inadequate basis for sealing documents

---

[1] Par-Kan likewise acknowledges the centrality of the agreement by revealing its skepticism that the agreement can be maintained under seal. For instance, in its reply in support of its motion for judgment on the pleadings, Par-Kan questions whether "the parties' confidentiality agreement constitutes good cause sufficient to overcome the presumption that judicial records are public . . . neither the terms of the settlement agreement nor the parties' corresponding negotiations contain sensitive or proprietary information." [DE 56]. Thus, Par-Kan also states that it only advanced its motions to seal "solely to avoid breaching that confidentiality agreement." [*E.g.* DE 40].

from the public record. *See Junker*, 2023 WL 6444027, at *2 (collecting cases finding that a confidentiality agreement alone was insufficient to support sealing documents). The parties' agreement to maintain confidentiality does not bind the court because there is a social interest in allowing public access to judicial records. *See GEA Group AG*, 740 F.3d at 419-20 ("Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper.") Given the agreement's impact on the disposition of the case, if the Court were to maintain the agreement under seal, the case would be incomprehensible to the public. Put another way, it would be impossible to determine "why [the] case was brought (and fought) and what exactly was at stake in it." *Id*.

Without more, the Court has nothing upon which to find the requisite good cause or "rigorous justification" to maintain the parties' settlement agreement—which undisputedly "affects the disposition" of this case—under seal. *Foster*, 564 F.3d at 853. Accordingly, the Court must **DENY** the parties' Motions to Seal. [DEs 31, 34, 37, 40, 44, 46, 48, 50, 53, 56, 58]. But given the parties' apparent agreement that these exhibits should remain under seal, the Court will afford the parties one more opportunity to demonstrate that the agreement should remain under seal. Accordingly, the parties may file an additional joint motion to maintain the documents under seal, if done on or before **June 4, 2024**. Any such motion shall address the good cause required by the Seventh Circuit. For now, the Clerk is **DIRECTED** to maintain the parties' filings at DEs 30, 33, 36, 39, 42, 45, 47, 49, 51, 54, 57, and 59 under seal. Should the parties choose not to

file a joint motion to seal by the above deadline, the Court will direct the Clerk to unseal the parties' sealed filings.

      **SO ORDERED** this 20th day of May 2024.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge