UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNVERFERTH MFG CO INC, <br><br> Plaintiff, <br><br> v. <br><br> PAR-KAN CO., LLC, <br><br> Defendant. | Case No. 3:23-CV-00653-GSL-SJF |

**OPINION AND ORDER**

This matter is before the Court on Defendant Par-Kan's Motion for Partial Reconsideration. [DE 75]. Specifically, Defendant asks the Court to find as a matter of law that Plaintiff Unverferth granted Defendant an implied license under the asserted patents—U.S. Patent Nos. 8,967,940 and 9,745,123—to make, use, and sell the EF375, a specific Seed Runner product manufactured by Defendant.[1] [*Id.* at 2]. For the following reasons, the Court DENIES Defendant's motion.

Defendant requests partial reconsideration of the Court's prior order that denied Defendant's motion for judgment as a matter of law [DE 72]. At the center of Defendant's argument is an alleged internal inconsistency in the Court's prior order. [DE 73]. On the one hand, Defendant notes that the Court found that the settlement agreement, on its face, is ambiguous on the issue of the parties' mutual intent to exclude the asserted patents. [*Id.* at 2]. On the other hand, Defendant argues that it was improper for the Court *not* to find that Plaintiff failed to rebut the implied-license presumption as a matter of law. [*Id.*]. Defendant reasons that if

---

[1] In the instant motion, Defendant concedes the existence of a factual dispute as to whether the license extends to the other accused products discussed in the briefing for the prior motion for judgment on the pleadings. [*Id.* at 2 n.2].

the Court found the issue of mutual intent to be *ambiguous*, then the Court must conclude, as a matter of law, that Plaintiff failed to demonstrate a "*clear indication* of mutual intent" to exclude the asserted patents and thereby did not rebut the presumption of an implied license. [*Id.*]. This chain of reasoning is not supported by the case law and such a conclusion is not appropriate at this stage of the litigation.

As noted in this Court's prior order, to succeed in this action, Plaintiff must show a clear indication of mutual intent that future continuations—i.e., the asserted patents—were carved out of the parties' settlement agreement. [DE 72, page 5]; *see TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1279 (Fed. Cir. 2009). Defendant is correct that the Court found the parties' settlement agreement to be ambiguous on this issue. [*Id.* at 7]. The Court's finding of ambiguity was significant for two reasons: first, it opened the door for the Court to review parol evidence to further evaluate the parties' mutual intent; and second, it led to the Court finding that a question of fact still existed. [*Id.*]. This means that Plaintiff's window is still open to rebut the implied-license presumption.

Contrary to Defendant's arguments, the Court's finding of ambiguity within the four corners of the settlement agreement and within the extrinsic evidence presented thus far does not preclude Plaintiff from making a showing, later in the litigation timeline, of a "clear indication of mutual intent" by the parties to exclude the asserted patents. Such a showing may manifest after the parties engage in discovery and introduce additional extrinsic evidence to the Court. Or it may not. However, based on what has been presented so far, the Court cannot make such a determination now as a matter of law.

For these reasons, the Court DENIES Defendant's Motion for Partial Reconsideration [DE 75].

SO ORDERED.

ENTERED: November 12, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court