UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNVERFERTH MFG. CO., INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:23-CV-653-GSL-JEM |
| | ) | |
| PAR-KAN CO., LLC, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to Amend Answer [DE 108], filed on May 2, 2025. The matter is also before the Court on Par-Kan's Motion to File Under Seal its Motion for Leave to Amend Answer [DE 110], filed on May 2, 2025, and Plaintiff Unverferth Mfg., Inc.'s Motion to File under Seal its Opposition to Defendant's Motion for Leave to Amend to File its Second Amended Answer [DE 118], filed on May 30, 2025.

**I.   Background**

On July 11, 2023, Plaintiff filed a Complaint alleging that Defendant infringed certain patents in Plaintiff's Seed Runner product. Defendant filed an Answer and Counterclaims on October 30, 2023, later amended on January 2, 2024, to assert counterclaims for breach of contract and bad faith patent assertion. Both parties filed motions for judgment on the pleadings, and on September 26, 2024, District Court Judge Gretchen S. Lund denied Defendant's motion for judgment on the pleadings and granted in part Plaintiff's motion for judgment on the pleadings, entering judgment in favor of Plaintiff on the counterclaim for bad faith patent assertion, leaving only the breach of contract counterclaim.

Discovery began on November 1, 2024. On January 15, 2025, Defendant sought leave to file an amended answer asserting a counterclaim for inequitable conduct, which it later withdrew.

1

It then filed the instant motion to amend on May 2, 2025, seeking to assert a counterclaim against Plaintiff for inequitable conduct. Plaintiff filed a response on May 30, 2025, and Defendant filed a reply on June 20, 2025.

## II.     Analysis

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint or counterclaim must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Inequitable conduct is an equitable defense to a patent infringement claim. If proven, it bars enforcement of the patent. *Lecat's Ventriloscope v. MT Tool & Mfg.*, 351 F. Supp. 3d 1100, 1116 (N.D. Ill. 2018). It requires proof that the "patent applicant 'misrepresented or omitted material information' and did so 'with the specific intent to deceive the PTO' into granting the patent." *Id.* (quoting *Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1368 (Fed. Cir. 2010)). Materiality and specific intent are both questions of law. *Id.*

The proposed counterclaim alleges that during prosecutions of two other patents, Plaintiff's employees misrepresented material information about the first sale date of the Seed Runner, with the specific intent to deceive the PTO. In particular, Defendant's proposed counterclaim alleges that, in a patent enforcement matter in 2011, an employee of Plaintiff submitted a declaration to the PTO that the "commercial embodiment" of patent application was introduced after the filing of the application, despite the fact that he knew there had been sales of the product before the filing of the application. The proposed counterclaim also alleges that in 2014, during the prosecution of a different patent, another employee of Plaintiff submitted an affidavit stating that there were no offers for sale of Seed Runners before February 15, 2006, when in fact there were invoices for its sale dated January 20, 2006.

Defendant asserts that Plaintiff's inequitable conduct makes Plaintiff's patent unenforceable. Defendant argues that it learned of that conduct through discovery in this case and in a parallel action before the Patent and Trademark Office (PTO) so it could not have brought the

3

amendment earlier in the case. Plaintiff argues that Defendant's proposed counterclaim for inequitable conduct is futile.

Inequitable conduct must be pleaded with particularity in accord with Federal Rule of Civil Procedure 9(b). This means that the who, what, when, where, and how of the material misrepresentation or omission must be identified. *Pollin Patent Licensing, LLC v. Capital One Auto Fin., Inc.*, 2011 U.S. LEXIS 124805 at *4 (N.D. Ill. October 25, 2011). Defendant has sufficiently alleged the people making the misrepresentations to the PTO, the nature of the representations, and the date they were made.

Plaintiff argues that the claims should not be permitted because its employees' statements were not material or not made with the specific intent to deceive the PTO. Defendant argues that the patent applicants misrepresented material information since an "unmistakably false" affidavit is *per se* material. It also argues that a misrepresentation is material if the PTO is more likely than not to have rejected the claim but for the misstatement. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291-92 (Fed. Cir. 2011) (en banc); *Luv n' Care, Ltd. v. Laurain*, 98 F. 4th 1081, 1097 (Fed. Cir. 2024). Defendant argues that the witness's intent is sufficiently pleaded if the facts pleaded "support[] a reasonable inference that a specific individual knew of the misrepresentation and had the specific intent to deceive the PTO," relying on *Sanders v. The Mosaic Co.*, 418 F. App'x 914, 919 (Fed. Cir. 2011).

"Whether inequitable conduct has been adequately pleaded is a question of Federal Circuit law because it 'pertains to or is unique to patent law.'" *Cent. Admixture Pharmacy Servs. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (quoting *Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*, 455 F.3d 1364, 1369 (Fed. Cir. 2006). Federal Rule of Civil Procedure 9(b) also states that "[m]alice, intent, knowledge, and other conditions of mind

4

of a person may be averred generally." The relevant "conditions of mind" for inequitable conduct include: "(1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the PTO." *See Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996). "Although 'knowledge' and 'intent' may be averred generally, . . . the pleadings [must] allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

The proposed Amended Counterclaim includes factual allegations that the employee affidavits included statements that were unmistakably false. It specifically alleges that the employees' misrepresentations are material under the "but-for" test, in that the PTO would have rejected the claim but for the misrepresentation because the product was sold before the application, and made with the "specific intent to deceive the PTO" because the employee was the Vice President of Sales and Marketing and therefore would have had to have known that at least some of the information was false.

Plaintiff argues that these claims should not be permitted because the statements as to the dates of the first sale and whether the items shipped before the patent application date were prototypes or sales were not materially false nor delivered with an intent to deceive the PTO. However, these arguments regarding the materiality of the statements and intent are fact intensive questions, usually reserved for the finder of fact. The Court must view all well pleaded allegations in a light favorable to Defendant in this case. *Iqbal*, 556 U.S. at 678. The parties argue about the potential bias of witnesses, the meaning of documentation, and the unreliability of various documents, but a decision on the merits of the counterclaim for inequitable conduct is not proper analysis at this stage of the matter. *Pollin*, 2011 U.S. Dist. LEXIS at *8. As to the issue of deceptive

intent, "[a]t the pleading stage, deceptive intent need only be a reasonable inference, not necessarily the *most* reasonable inference." *Pollin*, *id*. at *9 (quoting *Itex, Inc. v. Westtex, Inc.*, 2010 U.S. Dist. LEXIS 73254, 2010 WL 2901793, at * 5 (N.D. Ill. July 21, 2010)). Defendant has alleged that the information given by Plaintiff's employees was material and was or should have been known to the declarants; they have met their pleading burden. Based on the fact that Plaintiff used those affidavits to prosecute a patent action, it is a reasonable inference that those employees had knowledge of the facts in the affidavits. *Sanders v. The Mosaic Co.*, 418 F. App'x 914, 919 (Fed. Cir. 2011).

Defendant has pleaded who made the purported misstatements, what the purported misstatements were, when and where the statements were made, and the method of the statements. Defendant has pleaded those matters with sufficient particularity and Defendant's proposed amendment meets its minimal pleading requirements. Because an assessment of the truth or falsity of many of the allegations as to materiality and intent, and the constraints of the motion to dismiss analysis, the Court, at this time, cannot say that the inequitable conduct counterclaim, on its face, would be futile, and Defendant therefore will be permitted to amend its counterclaim to include it.

### III.    Motion to Seal

Both parties filed a motion to seal portions of their briefs, since the documents contain sensitive information. The parties represent and the Court agrees that the pleadings contain sensitive information that should not be on the public docket, and the redacted versions still allows sufficient transparency about the nature of the proceedings. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

6

IV.     **Conclusion**

Accordingly, the Court **GRANTS** Defendant's Motion for Leave to Amend Answer [DE 108], **ORDERS** Defendant to file the proposed amended counterclaim, attached to the instant motion as an exhibit, by **October 3, 2025**, and Plaintiff to file its answer by **October 24, 2025**.

The Court **GRANTS** Par-Kan's Motion to File under Seal its Motion for Leave to Amend Answer [DE 110], **GRANTS** Plaintiff Unverferth Mfg., Inc.'s Motion to File under Seal its Opposition to Defendant's Motion for Leave to Amend to File its Second Amended Answer [DE 118] and **DIRECTS** the Clerk of the Court to **RETAIN AS SEALED** the pleadings at [DE 108 and 117]. The Court **ORDERS** Defendant to file a redacted version of Defendant's Motion for Leave to Amend Answer on the docket by **October 3, 2025**. This Order need NOT be retained under seal.

SO ORDERED this 23rd day of September, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record