UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNVERFERTH MFG CO INC,

    Plaintiff,

    v.                                                    Case No. 3:23-CV-653-GSL-JEM

PAR-KAN CO., LLC,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Par-Kan Co., LLC's ("Par-Kan") Motion for Reconsideration [DE 203] of the Court's Order and Opinion [DE 201], entered on June 2, 2026. The motion is fully briefed and ripe for judgment. For the following reasons, Par-Kan's Motion for Reconsideration is **DENIED**.

## BACKGROUND

A brief synopsis of the proceedings in this case are as follows. This case concerns a patent infringement suit involving U.S. Patent Nos. 8,967,940 ("the '940 patent") and 9,745,123 ("the '123 patent") (collectively, "the asserted patents" or "patents in-suit"), both of which are owned by Plaintiff Unverferth Manufacturing Co. Inc. ("Unverferth"). [DE 2 at ¶¶ 8–11]. The asserted patents are directed to seed or grain tenders [DE 86-2 at 12–20], and the patented technology is used to transfer seed or grain from bulk storage to a planter [*id.* at ¶ 32]. Unverferth initiated this suit on July 11, 2023, alleging Par-Kan infringed upon the '940 and '123 patents through the unauthorized manufacturing, use, sale, and/or offer to sell inventions covered by those patents. [See DE 2].

Once the deadline for filing each side's final contentions had passed, Unverferth filed its Motion to Exclude Par-Kan's Final Invalidity Contentions on February 18, 2026. [DE 175]. In that motion, Unverferth sought to eliminate several theories and/or references contained within Par-Kan's final invalidity contentions, including: (1) obviousness combinations going to both the '940 and '123 patents; (2) invalidity theories allegedly premised on a claim construction inconsistent with the Court's Markman Order [see DE 124]; (3) belated invalidity theories relying on (a) the Hiniker 5800 Manual, (b) the CrustBuster 160/240 Seed Tender, and (c) the Friesen 240 Seed Tender; and (4) belated on-sale bar and public use invalidity theories. [See DE 175 at 2]. The parties fully briefed that motion, [*see* DE 176; DE 184; DE 186], and the Court entered its Opinion and Order granting-in-part and denying-in-part the motion. [DE 201].

Relevant to the current motion to reconsider, the Court granted Unverferth's motion to exclude as it pertained to Par-Kan's on-sale bar and prior public use theories ("§ 102 theories"). Unverferth raised two grounds for exclusion: first, that the § 102 theories were noncompliant with the Court's local patent rules; and second, that good cause did not exist to amend the final invalidity contentions to include these theories where they were otherwise untimely. Anchoring on Unverferth's noncompliance argument, the Court found the § 102 theories were noncompliant with Local Patent Rule 3-1(e)(5), which requires "[a] statement identifying with specificity any other asserted grounds of invalidity of any allegedly invalid claims," because Par-Kan did not disclose them with specificity in its preliminary invalidity contentions but rather attempted an incorporation by reference of theories previously argued in prior litigations against Unverferth. [*See* DE 201 at 39 (citing *ArrMaz Prods. v. Rieth-Riley Constr. Co.*, 2026 WL 607543, at *8 (N.D. Ind. Mar. 4, 2026) (finding an incorporation by reference insufficient for purposes satisfying the notice requirement of the local patent rules); *Days Corp. v. Lippert Components,*

2

*Inc.*, 2019 WL 6876634, at *2 (N.D. Ind. Dec. 17, 2019) (same))]. The Court did not address the good cause argument. [*Id.*].

On June 11, 2026, Par-Kan filed its Motion for Reconsideration. [DE 203]. The motion is now fully briefed. [DE 203–05].

### LEGAL STANDARD

The Seventh Circuit has discussed the role of a motion to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. **A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.**

*Mazzacone v. Tyson Fresh Meats, Inc.*, 195 F. Supp. 3d 1022, 1025 (N.D. Ind. 2016) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (emphasis added) (citations omitted). That being said, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case . . . ." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). "Disposition of a motion for reconsideration is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion." *Caisse*

*Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing

*Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991)).

## **DISCUSSION**

Par-Kan asserts that the exclusion of its § 102 theories is predicated on a manifest error of

fact because it "could not have disclosed that which it did not know" when it filed its preliminary

invalidity contentions. [DE 203 at 4–5]. Rather, Par-Kan contends it did not learn the facts

necessary to specify its exact theories until discovery and during parallel *inter partes* review

proceedings, and thus this was the basis for relying on an incorporation by reference. [*Id.; see*

*also id.* at 7 (detailing the discovery of the prior public use event), 10 (detailing the discovery of

the on-sale bar event)]. Par-Kan also asserts that it was incorrect for the Court to impose the

harsh sanction of exclusion for what it perceives as the Court's belief that Par-Kan was

deliberately "hiding the ball." [*Id.* at 6].

Ironically, this argument runs contrary to the argument presented in its briefing against

Unverferth's motion to exclude. There, Par-Kan argued its incorporation by reference was more

than sufficient to disclose the theories presented in previous suits against Unverferth. [DE 184 at

22–23]. What Par-Kan does not explain is how it could nonetheless turn around and incorporate

by reference facts it was never privy too when it filed its preliminary invalidity contentions.

Moreover, even if Par-Kan did not know the facts underlying these theories until proceeding

through discovery, Par-Kan fails to explain why it did not—or could not—have supplemented its

preliminary invalidity contentions with this information when it eventually learned it to comply

with Local Patent Rule 3-1(e)(5). Par-Kan contends the Court committed a manifest error of fact.

But the fact of the matter is simple: Par-Kan did not comply with the Court's local patent rules,

nor did it try to do so when it could have. *See ArrMaz*, 2026 WL 607543, at *8.

4

Finally, despite primarily resting its basis for reconsideration on a manifest error of fact, Par-Kan nonetheless outlines the evidence it claims was newly discovered and supported the § 102 theories later included in its final invalidity contentions. [*See* DE 203 at 7–13]. To the extent that Par-Kan is asserting newly discovered evidence as an additional ground for reconsideration, that argument will not suffice here. To support a motion for reconsideration on the basis of newly discovered evidence, the movant must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Caisse Nationale*, 90 F.3d at 1269 (alteration in original) (quoting *Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923 (1964)). First, Par-Kan asserts this evidence became known to it during discovery, long before the hearing on Unverferth's motion, and thus this alone would terminate that argument. But second, Par-Kan contends this evidence and the argument supporting reconsideration is not "new" but was instead overlooked by the Court. [*See* DE 205 at 5]. This would further defeat such an argument because a party may not introduce previously available but unused evidence from the prior proceeding. *See Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (citing *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)).

## CONCLUSION

For these reasons, the Court **DENIES** Par-Kan's Motion for Reconsideration [DE 203].

SO ORDERED.

ENTERED: July 21, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

5